LAURENT R.G. BADOUX, AZ Bar No. 020753
lbadoux@littler.com
LITTLER MENDELSON, P.C.
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
Telephone: 602.474.3600
Facsimile: 602.957.1801

JOHN C. KLOOSTERMAN, CA Bar No. 182625
jkloosterman@littler.com
LAURA E. HAYWARD, CA Bar No. 204014
lhayward@littler.com
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940

Attorneys for Petitioner
24 HOUR FITNESS USA, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| 24 HOUR FITNESS USA, INC., a California corporation, dba 24 HOUR FITNESS,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL A. FANTIGRASSI,<br><br>Respondent. | Case No.<br><br>**24 HOUR FITNESS' PETITION TO COMPEL ARBITRATION PURSUANT TO 2005 ARBITRATION AGREEMENT** |

LITTLER MENDELSON
A Professional Corporation
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

## I. INTRODUCTION

Michael A. Fantigrassi ("Claimant") is seeking overtime pay due to alleged misclassification and/or off-the-clock work from his former employer 24 Hour Fitness USA, Inc. ("24 Hour Fitness") pursuant to the Fair Labor Standards Act ("FLSA"). Claimant has already conceded the existence of a valid arbitration agreement which covers the nature of the dispute because Claimant has previously demanded arbitration of these claims. However, Claimant refuses to arbitrate his claims in the appropriate forum as dictated by the forum selection clause in the parties' Arbitration Agreement. Accordingly, 24 Hour Fitness requests that the Court compel arbitration in accordance with the terms of the Arbitration Policy, in the District of Arizona.[1]

## II. STATEMENT OF FACTS

### A. Claimant's Employment at 24 Hour Fitness.

Claimant worked for 24 Hour Fitness until November 26, 2006. Claimant last worked for the Company in Phoenix, Arizona. Declaration of Laura E. Hayward ("Hayward Decl.") ¶6.

### B. Claimant Is Bound By the Terms Of the 2005 Arbitration Agreement.

Claimant is bound by 24 Hour Fitness' 2005 Arbitration Agreement, which was in effect from January 31, 2005 and August 31, 2007. Hayward Decl. ¶7, Exh. C. Claimant has conceded that he was party to an arbitration agreement with 24 Hour Fitness by filing a demand for arbitration against the Company. Because Claimant's employment at 24 Hour Fitness ended during the period covered by the 2005 Arbitration Agreement, Claimant is covered by that version of the agreement.

Throughout his employment, Claimant agreed to be bound by the most recent

---

[1] While 24 Hour Fitness is asking this court to compel arbitration, it by no means concedes that Claimant has valid claims. In fact, 24 Hour Fitness contends that Claimant failed to comply with the tolling provision set forth in the Northern District of California's February 24, 2011 Order in *Beauperthuy v. 24 Hour Fitness*, Case No. C 06 0715 (SC), because Claimant served 24 Hour Fitness with his demand for arbitration more than 30 days after the Court's Order was entered, and on that basis is untimely. Further, 24 Hour Fitness believes that some or all of Claimant's claims are barred by the applicable limitations period in the FLSA, which is two years; three years if the conduct at issue was willful. 29 U.S.C. §255.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

24 Hour Fitness' Arbitration Agreement in effect.  During this time period, there existed no way for an employee to "opt out" of 24 Hour Fitness' arbitration agreement, or any modifications thereto.  Moreover, it is well accepted that an employer is able to change the terms and conditions of an at-will employee's employment, at any time.  *See e.g., Cotter v. Desert Palace*, 880 F.2d 1142, 1145 (9th Cir. 1989)("An employer privileged to terminate an employee at any time [under the at-will doctrine] necessarily enjoys the lesser privilege of imposing prospective changes in the conditions of employment."); *Gebhard v. Royce Aluminum Corp.*, 296 F.2d 17, 19 (1st Cir. 1961)(Since defendant could discharge plaintiff at any time "it could equally initiate modifications at any time, other than as to accrued matters."); *Schoppert v. CCTC Intern., Inc*., 972 F.Supp. 444, 447 (N.D. Ill. 1997)("When an employment agreement is terminable at will, it may be modified by the employer as a condition of its continuance.")  By remaining employed after policy changes are made, Claimant signaled acceptance of any new policies.  Particularly where an employee reaps advantages from other sections of the handbook (i.e. vacation, health insurance, holidays), he who takes the benefits must also bear the burdens.  *Schoppert v. CCTC Intern., Inc.,* 972 F.Supp. 444, 447 (N.D. Ill. 1997)("Because the continuation of an at-will relationship cannot be taken for granted, if one party proposes a change to the terms of the contract and the other party nonetheless continues to perform as usual, the modification to the contract is deemed to be effective. The continued performance is seen as both acceptance and consideration.")

Under the terms of the 2005 Arbitration Agreement, under which Claimant worked, disputes between the parties must be arbitrated as follows:

> This Policy applies to any employment-related dispute between an employee and 24 Hour Fitness or any agents or employees, whether initiated by an employee or by 24 Hour Fitness.  This Policy requires all such disputes to resolved only by an arbitrator through final and binding arbitration.  Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Policy or the employment relationship and disputes about trade secrets, unfair competition, compensation, termination, or harassment and claims arising under the Civil Rights Act of 1964, American with Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, and state statutes, if any addressing the

LITTLER MENDELSON
A Professional Corporation
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

3.

> same subject matters, and all other statutory and common law (excluding worker's compensation claims.)
>
> **This policy is governed by the Federal Arbitration Act**, 9 U.S.C. § 1 et seq. The neutral arbitrator shall be selected by mutual agreement from an association or listing of arbitrators or judges in the general geographic vicinity of the place where the dispute arose or where the employee last worked for 24 Hour Fitness.
>
> Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. However, in all cases where required by law, 24 Hour Fitness will pay the arbitrator's and arbitration fees. If under applicable law 24 Hour Fitness is not required to pay the arbitrator's and/or arbitration fees, such fee(s) will be apportioned equally.

Hayward Decl. ¶7, Exh. C (emphasis added).

    **C.**    **Despite The Express Agreement to Arbitrate, Claimant Refuses to Arbitrate His Claims According to the Arbitration Agreement.**

Claimant was formerly an opt-in plaintiff in an FLSA collective action entitled *Beauperthuy v. 24 Hour Fitness*, Case No. C 06 0715 (SC), pending in the Northern District of California. The collective action sought overtime pay under the FLSA as a result of alleged misclassification of Claimant's manager position and/or off-the-clock work by Claimant during his tenure as a trainer. The collective action applied to employees who worked in states other than California; even if a Claimant worked in California at some point in their tenure with 24 Hour Fitness, any claims arising out of their time in California were not part of the collective action and are not part of their arbitration claims. The collective action was decertified on February 24, 2011. In connection with decertification, the Court dismissed all opt-in plaintiffs from the action without prejudice to each such opt-in plaintiff filing a suit in his or her own behalf. The Court agreed to toll the applicable statutes of limitations for 30 days after the entry of this Order to allow the opt-in plaintiffs time to file suit. Hayward Decl. ¶2.

However, rather than file suit, on or about March 21-25, 2011, Claimant's counsel filed arbitration demands with JAMS in San Francisco on behalf of 983 individuals,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

including Claimant, ignoring the controlling terms of the parties' Arbitration Agreement as set forth above. The demand described the dispute as having been brought for "violations of the Fair Labor Standards Act based on qualifying positions that [Claimant] held at 24 Hour Fitness as a Personal Trainer ("PT") or club-level Manager ("Manager"). For PTs 24 Hour required them to work off-the-clock performing training session and non-training session related work (in addition, 24 Hour also miscalculated and failed to pay overtime properly for recorded hours worked) ("off-the-clock"). For Managers, 24 Hour misclassified them as exempt employees, and failed to pay them time and one half for all hours worked over 40 ("misclassification")." Hayward Decl. ¶3, Exh. A.

On March 23, 2011, 24 Hour's Counsel informed Claimant's counsel that Claimant's demand was improper as it did not comport with the terms of the parties' written arbitration agreement and that 24 Hour would not agree to arbitrate this claim, which involves an employee who worked for 24 Hour Fitness outside California, before JAMS San Francisco. Hayward Decl. ¶4.

On April 28 or 29, 2011, in response to Claimant's arbitration demand, 24 Hour Fitness asked Claimant to suggest the names of three arbitrators in the location where Claimant last worked for 24 Hour Fitness, in accordance with the terms of the parties arbitration agreement. Hayward Decl. ¶5, Exh. B.[2]  Thus, far Claimant has yet to propose an arbitrator in this location. While the parties had been meeting and conferring over a way to handle all 983 claims, due to the fact that nearly eight months has elapsed without any agreement, 24 Hour Fitness is forced to file this Petition to force Claimant to arbitrate his claims in accordance with the terms of the Arbitration Agreement. *Id.*

### III.  LEGAL ANALYSIS

### A.  Federal Policy Favors Arbitration.

24 Hour Fitness is entitled to an order compelling arbitration under the Federal

---

[2] It some cases it has been discovered that the location referenced in Exhibit B was likely incorrect, however, Claimant failed to respond to this letter in any way and did not indicate that the location was incorrect despite ample opportunity to do so. Hayward Decl. ¶5.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

Arbitration Act, 9 U.S.C. § 1, *et seq*. ("FAA").[3] The United States Supreme Court has unequivocally affirmed that the FAA applies to written arbitration agreements in the employment context. *Rent-A-Center West, Inc. v. Jackson*, 561 U.S. __ (June 21, 2010); *Circuit City Stores v. Adams*, 532 U.S. 105 (2001). Under the FAA, a provision in any agreement, including an employment agreement, to settle controversies between the parties by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *Perry v. Thomas,* 482 U.S. 483, 489 (1987). The FAA was enacted to overcome courts' reluctance to enforce arbitration agreements. *See e.g., Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 270 (1995); *Cronus Investments, Inc. v. Concierge Services*, 35 Cal.4th 376, 383-384 (2005). It not only placed such agreements on equal footing with other contracts, but also established a federal policy in favor of arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. *See, e.g., Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 89-90 (2000) (noting that the Supreme Court has "rejected generalized attacks on arbitration that rest on 'suspicion of arbitration as a method of weakening the protections afforded in the substantive law to would-be-complainants'"); *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984) (in enacting the FAA, "Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration"). This policy is so significant that "even claims arising under a statute designed to further important social policies may be arbitrated." *Green Tree Financial Corp., supra*. The FAA permits private parties to "trade [] the procedures . . . of the courtroom for the simplicity, informality, and expedition of arbitration." *Gilmer v. Interstate/Johnson Lane Corp.* 500 U.S. 20, 31 (1991). As such, the United States Supreme Court has warned against judicial rulings designed to erode FAA precedence "by indirection." *Circuit City Stores, Inc.,* 532 U.S. at 122. It is

---

[3] The FAA applies to agreements "involving commerce." 9 U.S.C. § 2. "A written provision in any . . . contract . . . involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The 2005 Arbitration Policy expressly provides that it is to be governed by the FAA.

LITTLER MENDELSON
A Professional Corporation
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

6.

instead the intent of Congress "to move the parties to an arbitrable dispute out of court and into arbitration *as quickly and easily as possible*" and have "questions of arbitrability . . . be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 22-25 (1983). *Accord, Roberts v. Synergistic Int'l, L.L.C.,* 676 F.Supp.2d 934, 946 (E.D. Cal. 2009).

In fact, courts must defer to arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute . . .[;] doubts should be resolved in favor of coverage." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-583 (1960). "The standard for demonstrating arbitrability is not a high one; in fact, a district court has little discretion to deny an arbitration motion, since the [FAA] is phrased in mandatory terms." *Ramirez-Baker v. Beazer Homes, Inc.,* 636 F.Supp.2d 1008, 1015 (E.D. Cal. 2008) (quoting *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 475 (9th Cir. 1991).

**B.    The Arbitration Agreement Satisfies Both "Gateway Issues" Before This Court.**

In deciding whether to compel arbitration under the FAA, the Court is tasked with determining just two "gateway" issues: (1) whether there was an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83-84 (2002); *Pacificare Health Systems, Inc. v. Book,* 538 U.S. 401, 407 (2003).  Here, by demanding arbitration, albeit in the wrong forum, Claimant has effectively conceded that a valid agreement to arbitrate exists and the claims at issue are covered by the arbitration agreement.

Claimant's employment ended during the time that the 2005 Arbitration Agreement was in effect.  There was no mechanism by which Claimant could opt-out from that agreement, and thus, Claimant is bound by the language.  Since Claimant is demanding arbitration, there is no other arbitration agreement that could apply to Claimant's demand – earlier agreements were superseded by the 2005 Agreement.

LITTLER MENDELSON
A Professional Corporation
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

7.

Further, the language of the Arbitration Agreement makes clear that Claimant's allegations under the FLSA relating to overtime pay are covered. As the Supreme Court stated in *Equal Employment Opportunity Commission v. Waffle House,* 534 U.S. 279, 280 (2002), "[A]bsent some ambiguity in the agreement ... it is the language of the contract that defines the scope of disputes subject to arbitration." *See also Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 57 (1995); *Doctor's Associates, Inc. v. Casarotto,* 517 U.S. 681, 687 (1996). Moreover, in reviewing the arbitration policy, the Court must be guided by the principle that arbitration agreements are favored and are to be broadly construed with doubts being resolved in favor of coverage. *See AT&T Technologies, Inc. v. Communications Workers of Am.* 475 U.S. 643, 648-650 (1986); *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.

Here, Claimant alleges that he was improperly classified as an exempt employee during his employment at 24 Hour Fitness and/or did not receive pay for all hours worked while working as a trainer at 24 Hour Fitness. This claim is clearly a dispute which "arises from [claimant's] employment with 24 Hour Fitness."

C.   **The Court Should Order the Parties to Arbitrate In the District of Arizona.**

The Court should order arbitration in accordance with the terms of the parties' agreement. "There is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate. *Volt Info. Sciences v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476 (1989). Section 4 of the FAA requires arbitration "in accordance with the terms of the agreement." 9 U.S.C. §4. Accordingly, "parties are generally free to structure their arbitration agreements as they see fit..." *Volt*, 489 U.S. at 479; *see also Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 54 (1995) ("[C]ourts are bound to interpret contracts in accordance with the expressed intentions of the parties.").

A federal district court has jurisdiction to enforce a forum-selection clause in

LITTLER MENDELSON
A Professional Corporation
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

8.

an arbitration agreement under 9 U.S.C. §4 when the forum-selection clause requires arbitration in that district:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28...for an order directing such arbitration proceed in the manner provided for in such agreement...The hearing and proceedings, under such agreement, *shall be within the district in which the petition for an order directing such arbitration is filed.*

In fact, where the arbitration agreement contains a forum selection clause, only the district in that forum can issue a §4 order compelling arbitration. *Snyder v. Smith* 736 F.2d 409, 419-20 (7th Cir. 1984); *Sterling Fin'l Inv. Group, Inc. v. Hammer* (11th Cir. 2004) 393 F.3d 1223, 1225. (district court properly enforced Florida venue provision pursuant to 9 USC §4 where NASD had referred arbitration to a panel of arbitrators in Houston, Texas).

Under the 2005 Arbitration Agreement, the parties agreed that the neutral arbitrator shall be selected "from an association or listing of arbitrators or judges in the general geographic vicinity of the place where the dispute arose or where the employee last worked for 24 Hour Fitness." This provision thus requires that the parties arbitrate their dispute in the location where the employee last worked for the Company, or at the location where the employee worked during the period the employee contends that s/he is owed overtime due to either misclassification and/or off-the-clock work. The obvious intent of the parties in requiring that an arbitrator be chosen from this geographic vicinity is that the arbitration itself will occur in this location. It is absurd to suggest otherwise.

**IV. CONCLUSION**

For all the foregoing reasons, 24 Hour Fitness respectfully requests an order compelling Claimant to arbitrate his claims in accordance with the 2005 Arbitration Agreement.

LITTLER MENDELSON
A Professional Corporation
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

9.

| | |
|---|---|
| Dated: December 22, 2011 | *s/ Laurent R. G. Badoux* <br> LAURENT R.G. BADOUX <br> LITTLER MENDELSON <br> A Professional Corporation <br> Attorneys for Petitioner <br> 24 HOUR FITNESS USA, INC. |

Firmwide:105762032.1 034670.1216

10.